**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **MARCUS MOORE,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | **Civil Action No. 4:23-cv-602-SDJ-KPJ** |
| § | |
| **STRIDE COMMUNITY HEALTH** § | |
| **CENTER,** § | |
| § | |
| **Defendant.** § | |
| § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Metro Community Provider Network, Inc., d/b/a STRIDE Community Health Center's ("Defendant") Special Appearance and Motion to Dismiss Pursuant to FRCP 12(b)(2) and 12(b)(3) and Legal Memorandum (the "Motion to Dismiss") (Dkt. 14), to which Plaintiff did not file a response. For the reasons that follow, the Court recommends that the Motion to Dismiss (Dkt. 14) be **GRANTED**.

## I.    BACKGROUND

On June 26, 2023, Plaintiff Marcus Moore ("Plaintiff"), proceeding *pro se*, filed the Complaint (Dkt. 1), wherein Plaintiff alleges that his private medical information arising from health care services rendered by Defendant was exposed in a CaptureRx data breach. Dkt. 1 at 4. On September 1, 2023, Plaintiff returned summons executed as to Defendant. *See* Dkt. 8. The Affidavit of Service states that on July 7, 2023, Pat Dea of Denver Attorney Services, LLC served Stride Administration Office at 2255 S Oneida St., Denver, CO 80224. Dkt. 8 at 2. The Affidavit of Service further states that the summons and the Complaint (Dkt. 1) were delivered to Barbara Addy as Office Administrator at 2255 S Oneida St., Denver, CO 80224. *Id.* On November 20,

2023, the Court ordered that Plaintiff either file a status report explaining that service was proper or re-effectuate service because the summons did not identify that the person served is an authorized agent of Defendant. Dkt. 11 at 2.

On December 26, 2023, Defendant filed the Motion to Dismiss (Dkt. 14) by special appearance seeking dismissal of the case for lack of personal jurisdiction and improper venue. Dkt. 14 at 1. Defendant also asserts that it learned of this matter from public records and was not properly served with the Summons and Complaint. *Id.* at 2. On May 29, 2024, the Court ordered Plaintiff to file a response, if any, to the Motion to Dismiss (Dkt. 14) no later than fourteen (14) days of receipt of the Court's order. Dkt. 15. To date, Plaintiff has not filed a response to the Motion to Dismiss. (Dkt. 14).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. "After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists." *Lahman v. Nationwide Provider Sols.*, No. 17-cv-305, 2018 WL 3035916, at *4 (E.D. Tex. June 19, 2018) (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). "To satisfy that burden, the party seeking to invoke the court's jurisdiction must 'present sufficient facts as to make out only a prima facie case supporting jurisdiction,' if a court rules on a motion without an evidentiary hearing." *Id.* (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)). "When considering the motion to dismiss, '[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits.'" *Id.* (quoting *Int'l Truck & Engine Corp. v. Quintana*, 259 F.Supp.2d 553, 557 (N.D. Tex. 2003)). However, "[t]he prima-facie-case requirement does not require the court to credit

conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (first citing *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 n.16 (5th Cir. 1996); and then citing *Massachusetts Sch. of L. at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998)).

Courts conduct a two-step inquiry when a defendant challenges personal jurisdiction: (1) the defendant "must be amenable to service of process" under Texas' long-arm statute; and (2) the "assertion of jurisdiction" over the defendant must comport with the Due Process Clause of the Constitution. *Jones v. Petty–Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales & Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). "Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees." *Green Ice Tech., LLC v. Ice Cold 2, LLC*, No. 17-cv-341, 2018 WL 3656476, at *5 (E.D. Tex. Aug. 1, 2018) (citing *Bullion*, 895 F.2d at 216). Federal due process permits personal jurisdiction over a nonresident defendant that has "minimum contacts" with the forum state, subject to the limit of not offending "traditional notions of 'fair play and substantial justice.'" *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2009)).

"The extent of the contacts determines whether the court's jurisdiction is specific or general." *Engel v. Hilton Worldwide*, No. 20-2249, 2020 WL 5441568, at *4 (S.D. Tex. Sept. 10, 2020) (citing *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001)). Courts have "*general jurisdiction* over a nonresident defendant 'to hear any and all claims' if that defendant's contacts with the forum are so 'continuous and systematic' as to render it 'essentially at home' in the forum." *Thomas v. Life Protect 24/7 Inc.*, 559 F. Supp. 3d 554, 560 (S.D. Tex. 2021) (quoting

*Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). "Demonstrating that general personal jurisdiction exists is difficult and requires 'extensive contacts between a defendant and a forum.'" *Id.* (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)). In contrast, "[s]pecific jurisdiction applies when a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Walk Haydel & Assocs. Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (quoting *Panda Brandywine Corp.*, 253 F.3d at 868). Thus, "the defendant's contacts must be more than 'random, fortuitous, or attenuated, or of the unilateral activity of another party or third person.'" *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "[S]pecific jurisdiction may exist where there are only isolated or sporadic contacts, so long as the plaintiff's claim relates to or arises out of those contacts." *Id.* at 499 (citations omitted).

"Personal jurisdiction, like subject matter jurisdiction, is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Pervasive Software Inc. v. Lexware GmbH & Co. Kg*, 688 F.3d 214, 231–32 (5th Cir. 2012) (citation omitted) (cleaned up). Thus, "personal jurisdiction claims are 'threshold grounds for denying audience to a case on the merits,' and require that the courts reach the threshold claims before reaching claims on the merits." *Id.* at 232 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85 (1999)). Furthermore, a dismissal for lack of personal jurisdiction does not operate as an adjudication on the merits and is without prejudice. *See ITL Int'l, Inc. v. Café Soluble, S.A.*, 464 F. App'x 241, 244 (5th Cir. 2012) (per curiam) (quoting FED. R. CIV. P. 41(b)).

### III.    ANALYSIS

Plaintiff has not responded to the Motion to Dismiss (Dkt. 14). Under Eastern District of Texas Local Rule 7(e), a "party opposing a motion has fourteen days . . . from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision." Loc. R. CV-7(e). Plaintiff's failure to respond creates the presumption that he has no facts to controvert the Motion to Dismiss (Dkt. 14). *See* Loc. R. CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."). More than six months have passed since the Motion to Dismiss (Dkt. 14) was filed, and Plaintiff has not filed a response, even after a second warning from the Court. *See* Dkts. 15; *see also Cunningham v. KP Lifestyles, LLC*, No. 20-cv-835, 2021 WL 3852039, at \*6 (E.D. Tex. July 15, 2021) (citing Loc. R. CV-7(d)), *R. & R. adopted*, 2021 WL 3847271 (E.D. Tex. Aug. 26, 2021). Therefore, the Court presumes Plaintiff does not controvert the facts set out by Defendant, and the Court presumes Plaintiff has no evidence to offer in opposition to the Motion to Dismiss (Dkt. 14).

To exercise general jurisdiction, Defendant's contacts with the forum state must be so "continuous and systematic as to render them essentially at home." *Daimler AG*, 571 U.S. at 127. The paradigm state in which a defendant is "at home" is the state of its domicile. *See Arrow Elecs., Inc. v. Firecracker*, LLC, No. 4:17-cv-895, 2018 WL 1761883, at \*2 (E.D. Tex. Apr. 12, 2018) (quoting Daimler, 571 U.S. at 137). A corporate defendant's domicile "falls in two paradigmatic places: (1) the state of incorporation and (2) the state where it has its principal place of business." *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020) (citation omitted). In the present case, Defendant is incorporated in Colorado and its principal place of business is in

Colorado. Dkts. 14 at 2–3; 14-1 at 1. Accordingly, the Court cannot exercise general jurisdiction over Defendant. *See Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996).

To exercise specific jurisdiction, Defendant must have "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Assocs. Inc.*, 517 F.3d at 243 (quoting *Panda Brandywine Corp.*, 253 F.3d at 868). The relevant contacts are those the defendant himself creates with the forum state and only "the defendant's contacts with the forum [s]tate itself, not the defendant's contacts with person who reside there" are relevant for this analysis. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Minimum contacts sufficient to confer specific jurisdiction exist when "the non-resident's purposefully directed activities in the forum [are] such that he could reasonably anticipate being haled into court in the forum state." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Burger King*, 471 U.S. at 474).

Here, Defendant has introduced evidence that it has never conducted business in Texas and Plaintiff's contact with Defendant occurred when Plaintiff was living in Arvada, Colorado. Dkt. 14-1 at 1–2. Because Defendant has introduced evidence showing the Court cannot exercise personal jurisdiction over it, Plaintiff must introduce counter-evidence establishing a *prima facie* case for specific jurisdiction. *See KP Lifestyles, LLC*, 2021 WL 3852039, at *5 (first citing *Cunningham v. Upwell Health*, No. 19-cv-894, 2020 WL 4723175, at *6 (E.D. Tex. July 21, 2020), *R. & R. adopted*, 2020 WL 4698322 (E.D. Tex. Aug. 13, 2020); and then citing *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 17-cv-337, 2018 WL 4575005, at *12 (N.D. Tex. Aug. 31, 2018), *R. & R. adopted*, 2018 WL 4568803 (N.D. Tex. Sept. 24, 2018)); *see also Pyung Lee v. Verimatrix, Inc.*, No. 19-cv-898, 2019 WL 5535764, at *9 (N.D. Tex. Oct. 25, 2019) ("[T]he Court does not assume that [the plaintiffs'] solicitation allegation is true. Rather, the Court credits [the

defendant's] affidavit testimony and finds that [the plaintiffs] have not presented 'sufficient facts as to make out . . . a prima facie case supporting [personal] jurisdiction.'" (omission in original) (internal citation omitted) (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000))). As discussed above, Plaintiff has not filed a response or taken any action as to the Motion to Dismiss (Dkt. 14). Accordingly, based on Defendant's unconverted declaration (Dkt. 14-1), the Court finds it lacks specific jurisdiction over Defendant.

Because the Court has neither general nor specific personal jurisdiction over Defendant, Plaintiff's claims against Defendant should be dismissed without prejudice, and the Court need not address Defendant's argument regarding improper venue.

## IV.    RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion to Dismiss (Dkt. 14) be **GRANTED** and Plaintiff's claims against Defendant be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id*.; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir.

1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 6th day of August, 2024.**

_____

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE